**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. _____ ) |
| JOHN L. McCLAIN, JR.; FRAGEPANI BELL; KIWANI COOPER GRAHAM; ADONNIS COOPER; OCTAVIA COOPER; and LaTORRA COOPER, | ) ) **COMPLAINT FOR INTERPLEADER** ) ) ) |
| Defendants. | ) ) |

Plaintiff The Lincoln National Life Insurance Company ("Lincoln"), by and through its attorneys, and for its Complaint for Interpleader states as follows:

## **PARTIES**

1. Lincoln is an insurance company existing under the laws of the state of Indiana with its principal place of business in Radnor, Pennsylvania.

2. Defendant John L. McClain, Jr. is a citizen and resident of Chicago, Illinois.

3. Defendant Fragepani Bell is a citizen and resident of Chicago, Illinois.

4. Defendant Kiwani Cooper Graham is a citizen and resident of Chicago, Illinois.

5. Defendant Adonnis Cooper is a citizen and resident of Chicago, Illinois.

6. Defendant Octavia Cooper is a citizen and resident of Chicago, Illinois.

7. Defendant LaTorra Cooper is a citizen and resident of Dolton, Illinois.

8. Antoinette McClain ("Decedent") was insured under the group life insurance policies at issue in this action and described below. John McClain is Decedent's surviving spouse, Fragepani Bell is Decedent's son, Kiwani Cooper Graham is Decedent's daughter, Adonnis

Cooper is Decedent's son, Octavia Cooper is Decedent's daughter, and LaTorra Cooper is Decedent's niece (collectively referred to herein as "Claimants").

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e), as the plan under which the life insurance benefits are payable is an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*.

10. This Court has personal jurisdiction over Claimants because they reside in Illinois and have sufficient minimum contacts with the State of Illinois where the exercise of personal jurisdiction comports with due process and does not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because one or more Claimants resides in this district.

## CLAIM FOR INTERPLEADER

12. Lincoln brings this action for interpleader relating to group basic and voluntary life insurance policies issued by Lincoln to Decedent's employer, Lawndale Christian Health Center, under which Decedent was covered (the "Lincoln Policies"). Redacted copies of the Lincoln Policies are attached as **Exhibit 1**.

13. Decedent named John McClain as the sole primary beneficiary when enrolling for benefits with her employer on February 20, 2017. A redacted copy of the 2017 Enrollment Form for Group Insurance is attached as **Exhibit 2**.

14. Decedent updated her beneficiary designations on December 31, 2021, naming the following primary beneficiaries:

> Fragepani Bell, son – 25%
> Kiwani Cooper Graham, daughter – 25%
> Adonnis Cooper, son – 25%
> Octavia Cooper, daughter – 12.5%
> LaTorra Cooper, niece – 12.5%

A redacted copy of the 2021 Beneficiary Designation Form is attached as **Exhibit 3**.

15. Decedent died on February 4, 2022. A redacted copy of Decedent's death certificate is attached as **Exhibit 4**.

16. Following Decedent's death, a total benefit amount of $28,600.00 became payable under the Lincoln Policies, which amount is comprised of a $22,100.00 basic life benefit and a $6,500.00 voluntary life benefit.

17. Claimants executed funeral home assignments in the amount of $5,247.75, which Lincoln paid to the funeral home from the basic life benefit. Redacted copies of the funeral home assignments are attached as **Exhibit 5**.

18. The total benefit amount remaining under the Lincoln Policies is $23,352.25, which amount is comprised of a $16,852.25 basic life benefit and a $6,500.00 voluntary life benefit ("Remaining Benefit").

19. Fragepani Bell submitted a claim for his portion of the Remaining Benefit on February 20, 2022. A redacted copy of Fragepani Bell's Beneficiary's Statement is attached as **Exhibit 6**.

20. Kiwani Cooper Graham submitted a claim for her portion of the Remaining Benefit on February 20, 2022. A redacted copy of Kiwani Cooper Graham's Beneficiary's Statement is attached as **Exhibit 7**.

21. Adonnis Cooper submitted a claim for his portion of the Remaining Benefit on February 20, 2022. A redacted copy of Adonnis Cooper's Beneficiary's Statement is attached as **Exhibit 8**.

22. Octavia Cooper submitted a claim for her portion of the Remaining Benefit on February 20, 2022. A redacted copy of Octavia Cooper's Beneficiary's Statement is attached as **Exhibit 9**.

23. LaTorra Cooper submitted a claim for her portion of the Remaining Benefit on February 20, 2022. A redacted copy of LaTorra Cooper's Beneficiary's Statement is attached as **Exhibit 10**.

24. John McClain submitted a claim for the Remaining Benefit on February 24, 2022. A redacted copy of John McClain's Beneficiary's Statement is attached as **Exhibit 11**.

25. John McClain is disputing the validity of the 2021 beneficiary designation, asserting that the document was forged and that Decedent lacked the mental capacity to make the change because of the illness she was suffering.

26. If the 2021 beneficiary designation is deemed invalid, then John McClain would be the sole primary beneficiary pursuant to the 2017 beneficiary designation made at the time of plan enrollment.

27. In light of the adverse claims from Claimants, and the associated factual and legal issues involved, Lincoln cannot determine the proper beneficiaries of the Remaining Benefit without risking exposure to double liability.

28. As a mere stakeholder, Lincoln has no interest in the Remaining Benefit (except to recover attorneys' fees and costs associated with this action). Lincoln therefore respectfully requests that this Court determine to whom the Remaining Benefit should be paid.

29. Lincoln will deposit into the registry of the Court the Remaining Benefit upon issuance of an order authorizing such payment.

WHEREFORE, Lincoln prays for judgment as follows:

(a) That Claimants be ordered to interplead and settle among themselves their respective claims to the Remaining Benefit;

(b) That Lincoln be permitted to pay the Remaining Benefit into the registry of the Court;

(c) That Claimants each be restrained from initiating any other action or proceeding in any state or federal court against Lincoln for recovery of the Remaining Benefit or any part thereof;

(d) That Lincoln be found to have no further liability beyond having the Remaining Benefit deposited into the registry of this Court;

(e) That Lincoln be discharged and dismissed with prejudice from this case; and

(f) That the Court award such other and further relief, including attorneys' fees and costs, to which Lincoln is entitled in law or equity, as this Court deems just and proper.

This the 12th day of August, 2022.

Respectfully submitted,

/s/ Elizabeth R. Brusa
Elizabeth R. Brusa, Esq.
Illinois ARDC No. 6322435
Bradley Arant Boult Cummings LLP
100 N. Tampa Street
Suite 2200
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary email: ebrusa@bradley.com
Secondary email: jbrandt@bradley.com
*Counsel for The Lincoln National Life Insurance Company*

OF COUNSEL:

C. Bailey King, Jr.
Benjamin Allred Johnson
BRADLEY ARANT BOULT CUMMINGS LLP
Hearst Tower, 214 North Tryon Street
Suite 3700
Charlotte, NC 28202-1078
Telephone: (704) 338-6027
E-Mail:  bking@bradley.com
         bjohnson@bradley.com